**SANDERS LAW GROUP**
Craig B. Sanders Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123539
*Attorneys for Plaintiff*

**FOR THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF NEW YORK
NEW YORK DIVISION**

| | |
|---|---|
| Edward Opinaldo,<br><br>    Plaintiff,<br><br> v.<br><br>Emily O'Hara Ratajkowski,<br><br>    Defendant. | Case No:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Edward Opinaldo ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Emily O'Hara Ratajkowski ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein provides entertainment-related photojournalism goods and services and owns the rights to photographs featuring celebrities which Plaintiff licenses to online and print publications.

3. Defendant owns and operates a social media account with the name of "emrata" on Instagram (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Account and engaged in this misconduct

knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Edward Opinaldo is an individual who is a citizen of the State of New York and maintains a principal place of business at 106-66 96th Street, Ozone Park in Queens, New York City, New York.

6. Upon information and belief, Defendant Emily O'Hara Ratajkowski, is an individual who maintains a principal place of business at 49 Bleecker Street, Manhattan in New York City, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Emily O'Hara Ratajkowski because she maintains a principal place of business and/or resides in New York.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Emily O'Hara Ratajkowski does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of photographs which he licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others

are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. The Account is associated with Defendant

15. Defendant, upon information and belief, has exclusive access to post content on Defendant's Account.

16. Defendant uses the Account to promote her brand as well as her business interests whereby Defendant financially profits.

17. On June 17, 2019 Plaintiff authored a photograph of Emily Ratajkowski exiting a building in New York City ("Photograph 1"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

18. Plaintiff applied to the USCO to register Photograph 1 on or about July 22, 2019 under Application No. 1-7902595651.

19. Photograph 1 was registered by the USCO on July 22, 2019 under Registration No. VA 2-164-887.

20. On June 17, 2019 Plaintiff authored a photograph of Emily Ratajkowski exiting a building in New York City ("Photograph 2"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

21. Plaintiff applied to the USCO to register Photograph 2 on or about July 22, 2019 under Application No. 1-7902595651.

22. Photograph 2 was registered by the USCO on July 22, 2019 under Registration No. VA 2-164-887.

23. On September 25, 2019, Plaintiff first observed Photograph 2 on the Website in a

story dated June 17, 2019. A copy of a screengrab of the Website including Photograph 2 is attached hereto collectively as Exhibit 2.

24. The Photograph was displayed at URL: https://instagram.com/p/By0mZ5MB8uo/.

25. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff's copyright protected photographs (hereinafter collectively referred to as "*Photographs*") as are set forth in Exhibit "1" on the Website.

26. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing upon Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

27. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of a more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

28. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Account.

29. Upon information and belief, Defendant takes an active and pervasive role in the content posted on her Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

30. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

31. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

32. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on her Account and exercised and/or had the right and ability to exercise such right.

33. Upon information and belief, Defendant monitors the content on her Account.

34. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

35. Upon information and belief, the Infringements increased traffic to the Account and, in turn, caused Defendant to realize an increase in her brand recognition in addition to the added promotion of her business interests and/or ventures.

36. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account.

37. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

38. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

39. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

40. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

41. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

42. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

43. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in his copyrights.

44. Defendant's reproduction of the Photographs and display of the Photographs on the Account constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

45. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

46. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

47. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

48. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary

relief as follows:

    a.    finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: June 13, 2022

**SANDERS LAW GROUP**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123539
*Attorneys for Plaintiff*